UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DERRICK SCOTT (#126372)** | **CIVIL ACTION** |
| **VERSUS** | |
| **LT. ALLEN STARK, ET AL.** | **NO. 17-1697-SDD-EWD** |

## O R D E R

*Pro se* Plaintiff, an inmate confined at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Lt. Allen Stark, Sgt. Kendrick Williams, Col. Thompson and Warden Hooper, complaining that he was subjected to excessive force on both November 8 and 9, 2017, and that he had previously informed Defendant Hooper regarding retaliatory threats of harm made by security officers. Plaintiff further complains that he has not received pain medication that was prescribed to him after the incident and that he continues to receive threats of harm from Defendants, who are still allowed to "come around" him. Plaintiff has neither paid the Court's filing fee nor requested leave to proceed as a pauper herein.

Even were Plaintiff to seek leave to proceed as a pauper in this proceeding, the statute applicable to the granting by federal courts of *in forma pauperis* status to inmates in civil proceedings compels the conclusion that Plaintiff is not entitled to proceed as a pauper in this case. This statute, 28 U.S.C. § 1915, provides, in pertinent part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United

States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).   *See also Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996).

A review of the records of this Court reflects that Plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal courts that have been dismissed as frivolous, malicious, or for failure to state a claim.[1]   Plaintiff apparently concedes that he has amassed three strikes because he seeks to proceed as a pauper in this case under the "imminent danger" exception to the three strikes provision.   As discussed below, however, the Court finds that this exception is inapplicable in this case.

In evaluating whether an inmate meets the test for alleging an "imminent danger of serious physical injury," the Court considers the allegations, not at the time of the incident complained of by Plaintiff, but at "the time that he seeks to file his suit in district court or seeks to

---

1. Cases filed by Plaintiff while incarcerated that have been dismissed by the federal courts as frivolous, malicious, or for failure to state a claim include, but are not limited to, *Derrick Scott v. James M. LeBlanc, et al.*, Civil Action No. 12-0239-BAJ-SCR (M.D. La.), *Derrick Scott v. Burl Cain*, Civil Action No. 12-0412-JJB-DLD (M.D. La.), and *Derrick Scott v. Officer Haney, et al.*, Civil Action No. 12-0439-JJB-DLD (M.D. La.).   The first two referenced cases were dismissed because Plaintiff's Complaints made clear that he had failed to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e, and the United States Court of Appeals for the Fifth Circuit has concluded that the dismissal of an action for failure to state a claim is appropriate when it is clear from the face of a plaintiff's Complaint that he has not exhausted administrative remedies.   *See Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).   In addition, such dismissals are treated as "strikes" within the context of 28 U.S.C. § 1915(g).   *See Emmett v. Ebner*, 423 Fed. Appx. 492 (5th Cir. 2011); *Martinez v. Bus Driver*, 344 Fed. Appx. 46 (5th Cir. 2009); *Johnson v. Kukua*, 342 Fed. Appx. 933 (5th Cir. 2009).   Finally, a Court may take judicial notice of the record in prior related proceedings, *Missionary Baptist Foundation of America, Inc. v. Wilson*, 712 F.2d 206, 211 (5th Cir. 1983), and the Court hereby takes judicial notice of proceedings before this Court in *Derrick Scott v. Trish Foster, et al.*, Civil Action No. 13-0665-JJB-RLB (M.D. La.), wherein both this Court and the Fifth Circuit Court of Appeals found that Plaintiff had accumulated three strikes.

proceed with his appeal or files a motion to proceed IFP." *Banos v. O'Guin*, 144 F.3d 883 (5th Cir. 1998). General allegations not grounded in specific facts indicating that serious physical injury is in fact imminent are not sufficient to invoke the exception to § 1915(g). *See Ruston v. Dallas County*, 2004 WL 2512232 (N.D. Tex. Nov. 5, 2004). *See also Marion v. Stanley*, 2011 WL 3880541 (E.D. Tex. July 27, 2011):

> The courts have stated that in order to meet the imminent danger requirement of § 1915(g), the threat must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed, and the exception refers to "a genuine emergency" where "time is pressing." *Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003). In passing the statute, Congress intended a safety valve to prevent impending harms, not those which had already occurred. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001). In that case, the Third Circuit rejected a claim that allegations of having been sprayed with pepper spray, combined with a claim that prison officials engaged in "continuing harassment, plots to hurt or kill him, and other forms of retaliation," sufficiently alleged imminent danger.

*Id.* at *4.

Undertaking the foregoing analysis in connection with Plaintiff's claims asserted in the instant Complaint, it appears that the specific events complained of herein occurred principally on October 8 and 9, 2017 when Plaintiff was allegedly subjected to excessive force by Defendant Stark and several other EHCC officers. Whereas Plaintiff complains of alleged continuing threats of harm thereafter and asserts that he fears for his safety, these allegations are conclusory and do not support a finding that he faces an actual "imminent danger of serious physical injury." To the contrary, it appears clear that Plaintiff's Complaint is principally asserting a claim regarding the events of several weeks previously. Thus, Plaintiff's allegations are similar to those that were found to be insufficient in the case cited above, *Abdul-Akbar v. McKelvie, supra*, where the inmate plaintiff was essentially complaining of past incidents of alleged excessive force and only of

continuing verbal threats and harassment which were found to not meet the "imminent danger" exception to the 28 U.S.C. § 1915(g). Accordingly, Plaintiff has failed to meet the test for proceeding *in forma pauperis* in this case. *See also King v. Livingston*, 212 Fed. Appx. 260 (5th Cir. 2006) (finding to be insufficient allegations by Plaintiff that "he ha[d] been assaulted several times by the defendants and other inmates and … defendants ha[d] attempted to cause him serious physical injury from the time of Hurricane Rita to the present").[2]

Finally, in the alternative, the courts have concluded that the "imminent danger" exception to the three strikes rule does not relieve Plaintiff of the requirement that he exhaust his administrative remedies before seeking to proceed in federal court, and Plaintiff has clearly failed to exhaust his administrative remedies relative to the claims asserted herein.[3] *See Marion v. Stanley*, 2011 WL 3880541, *5 (E.D. Tex. July 27, 2011) (finding that Plaintiff's claim of imminent danger was not supportable and that, in any event, "[i]t should be noted that payment of the filing fee would not affect … the requirement that administrative remedies be fully exhausted prior to bringing the lawsuit"). Thus, even if Plaintiff were allowed to proceed *in forma pauperis* in this case, his civil action would nonetheless be subject to dismissal as unexhausted.

---

2    Whereas Plaintiff also complains about the alleged denial of medical attention after the incident of November 9, 2017, he concedes that he was seen and treated by medical personnel at the time, and his principal complaint herein is that, as of the date of filing of his Complaint, he allegedly had not yet received prescribed pain medication. This does not support a finding of "imminent danger," and he has not provided any details regarding the extent of any persisting injuries or complaints that would allow the Court to evaluate the seriousness of his condition. On the facts alleged, therefore, it appears that Plaintiff has not met his burden of alleging an imminent danger of serious physical injury at the time of filing the Complaint herein.

3    By filing his lawsuit on November 9, 2017, the same date as the occurrence of the second alleged incident of alleged excessive force committed by Defendant Stark on October 9, 2017, Plaintiff has not allowed sufficient time for prison officials to address his claims through the first and second steps of the administrative process.

Specifically, whereas 28 U.S.C. § 1915(a) may allow an indigent litigant to litigate an action *in forma pauperis* in federal court without the necessity of prepaying fees and costs, subsection (e)(2)(B)(ii) of that statute prevents abuse of the privilege by authorizing the court to "dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted," as when it is clear that the exhaustion requirement has not been satisfied. *See Wetzel v. Goodwin*, 2015 WL 965688, *3 (W.D. La. March 3, 2015). *See also Calton v. Baker*, 2015 WL 456573, *3-4 (E.D. Tex. Jan. 30, 2015) (finding that the exigent circumstances alleged in the three-strike Plaintiff's Complaint, which was filed four days after the incident complained of, did not excuse his clear failure to exhaust administrative remedies). In the instant case, it is clear from the face of Plaintiff's Complaint that the claims asserted herein are unquestionably unexhausted and would be subject to dismissal for that reason.

Based on the foregoing, the Court finds that Plaintiff is barred from proceeding *in forma pauperis* in this case and that he is required to pay the full amount of the Court's filing fee without the benefit of periodic installment payments. Therefore;

**IT IS ORDERED** that Plaintiff is granted 21 days from the date of this Order within which to pay $400.00, the full amount of the Court's filing fee. The filing fee must be paid in full in a single payment. No partial payments will be accepted. Failure to pay the Court's filing fee within 21 days shall result in the dismissal of Plaintiff's action without further notice from the Court.

Signed in Baton Rouge, Louisiana, on January 9, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**